CAMP NAMASCHAUG, INCORPORATED, A CORPORATION OF NEW HAMPSHIRE, PLAINTIFF-RESPONDENT, v. ELENITA KENNEDY, HARVEY FASSETT AND LOUIS J. BEERS, EXECUTORS OF THE ESTATE OF THOMAS F. KENNEDY, DEFENDANTS-APPELLANTS.

Submitted May 18, 1929—Decided November 15, 1929.

Before Justices TRENCHARD, LLOYD and CASE.

For the appellants, *Louis J. Beers*.

For the respondent, *J. Glenn Anderson*.

PER CURIAM.

This was an action in the Essex Circuit Court to recover on a book account claimed by Camp Namaschaug, Incorporated, against the estate of Thomas F. Kennedy. The book account comprised items of supplies and also board supplied to the two sons of Kennedy. Kennedy was the president of the plaintiff corporation. A resolution was passed in February of 1924 by the board of directors that the administrative officers of the plaintiff, namely, Kennedy and one Maloney and one Myers, should receive as compensation for their services (they were apparently active managers) a share in the net proceeds of the camp. The resolution also provided that the term expenses should include the board and lodging for the camp managers and their immediate families.

Kennedy acted as one of the managers and was at the camp with his wife, daughter and two sons. There was no profit and the camp refused to recognize the claim for free board of the two sons, and that is the matter in dispute.

It appears that on March 3d, 1924, the defendant wrote a letter to one of the directors of the plaintiff corporation which contains the following:

"Yesterday I presided at a meeting at my home with Mr. Maloney and Mr. Myers. We went over the whole situation and I succeeded in getting their consent to include depreciation in the expenses. We agreed at Baltimore that this should be $1,000, so I had it inserted in the minutes to avoid any possible misunderstanding. They felt that the administrative officers should receive board and lodging for their wives and themselves. I feel that if our wives should care to come they can be of great service in the office and in the hostess cottage. Of course, this does not include my boys whom I expect to be at the camp, and who will pay the regular charges."

The case was referred to a referee without, so far as the appellants are concerned, a reservation of jury trial right, and he found that under the resolution as interpreted or modified by the appellant's letter, that the plaintiff was entitled to recover board for the two sons. This report was confirmed and the defendants appeal.

It seems to us that the appeal is without merit, for two reasons. First we think that for any error of law that might have been committed the sole mode of redress was on application to the Circuit Court to set aside the report and grant a new trial (*Clayton* v. *Levy,* 49 *N. J. L.* 577), and secondly because we think the judgment was right on its merits.

Appellant contends that the director had no authority to bind the corporation and while this might be true as against the corporation, yet the corporation had a perfect right to adopt her act, which was for its benefit, and sue to recover the amount due on it.

The judgment will be affirmed, with costs.